A. FINKENBERG'S SONS, INC., Appellant, *v.* MORRIS ADEST and Others, Individually and as Copartners, Trading under the Firm Name and Style of AMERICAN SPECIALTY COMPANY, Respondents.

First Department, December 15, 1922.

Unfair competition — action to restrain defendants from interfering with plaintiff's business — defendants were employed by plaintiff as salesmen and collectors under agreement not to solicit business for others — defendants, while employed, opened store of their own and solicited plaintiff's customers — defendants deposited sum of money as security and as liquidated damages — plaintiff entitled to temporary injunction.

In an action to restrain the defendants from interfering with the plaintiff's business the plaintiff is entitled to a temporary injunction, where it appears that the plaintiff was engaged in the business of selling furniture at retail on the installment plan; that the defendants were hired to act as salesmen and collectors under contracts providing that while they were in the plaintiff's employ they would not directly or indirectly solicit any business for any one else and, after leaving plaintiff's employ, they would not for a period of ninety days call on any of plaintiff's customers; that defendants had access to plaintiff's customers' cards; that the defendants, while in the employ of the plaintiff, opened a store of the same kind as plaintiff's and solicited plaintiff's customers for trade, and that after the termination of their employment defendants continued to solicit trade from plaintiff's customers and endeavored to induce persons owing money to the plaintiff not to pay the same.

It is no defense to the action that the defendants deposited with the plaintiff $300 as security for their faithful performance of the agreement which sum it was agreed should be liquidated damages to the plaintiff for any violation by the defendants of their agreement.

The contract shows an intent by the parties that the provisions of the covenants against soliciting should be performed and not that the defendants might, by forfeiting a security given for the performance of the contract, be relieved of their obligation to perform.

APPEAL by the plaintiff, A. Finkenberg's Sons, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of November, 1922, denying plaintiff's motion for a temporary injunction restraining the defendants, during the pendency of the action, from interfering with plaintiff's business.

*Wise & Seligsberg* [*Leon Lauterstein* of counsel], for the appellant.

*Joseph W. Umans* of counsel, for the respondents.

FINCH, J.:

The facts, in so far as necessary to call attention to the questions presented, are as follows: The plaintiff is engaged in the business of selling furniture, etc., at retail on the installment plan. Its business has been established for upwards of fifty years, and requires the services of over one hundred salesmen and collectors. In 1917 plaintiff employed defendants Adest and Eisen, and in 1919 the defendant Birnbaum, as collectors and salesmen under contracts providing in part that said defendants, while in the employ of the plaintiff, would not directly or indirectly solicit any business or secure or recommend any customers to any one, except the plaintiff, and if said defendants should be discharged or voluntarily leave the employ of the plaintiff, they would not for a period of ninety days from the date of termination of the employment call on any of the customers of the plaintiff. The duties of the defendants were to keep in touch with customers, to make collection of installments due, grant extensions, etc., and solicit further trade. Defendants were intrusted with the possession of plaintiff's customers' cards containing confidential information relating to the plaintiff's customers located in the routes assigned to these defendants.

It appears that these defendants, while in plaintiff's employ, conceived the idea of doing business as copartners under the name of American Specialty Company, and opened a store within ten blocks of plaintiff's store, and one of the defendants for nearly two months thereafter, and two of the defendants for nearly three months thereafter, continued in plaintiff's employ, and while so employed and drawing their salaries, proceeded to sell their goods to plaintiff's customers and otherwise divert the plaintiff's customers to themselves. It is also alleged that, after the termination of their employment with plaintiff, they have continued to canvass customers of the plaintiff, and have sought to induce other salesmen of the

plaintiff to break their contracts with the plaintiff, and that defendants also have sought to induce persons owing money to the plaintiff not to pay the same.

It would seem clear that plaintiff is entitled to an injunction *pendente lite* to restrain the defendants from the acts set forth in the preceding sentence. The defendants urge that, inasmuch as their contracts of employment require them, respectively, to put up $300 as security for their faithful performance of the conditions of the agreement, which sums it was agreed should be liquidated damages to the plaintiff for any violation by the defendants of their covenants, the plaintiff is precluded from any further remedy, and that the defendants may solicit the customers of the plaintiff with impunity.

The Legislature of this State has recognized the right of a business concern, whose trade and patronage have been secured by years of effort and advertising, to protection in the names and good will of its customers, and has made it a penal offense for any one having or obtaining access to any original list or other collection of the names of customers, not less than 500 in number, used in connection with any lawful business, to copy or cause the same to be copied or make use of the information contained therein for his own benefit or advantage or that of any person other than the lawful owner. (Penal Law, § 553, subds. 6, 7.) The complaint alleged that the plaintiff's customers far exceeded 500 in number.

The defendants seek to limit this common-law right of the plaintiff by, and to use as a shield, the very contract which plaintiff obtained for further protection; but it is clear that the defendants cannot take advantage of this contract, even if its terms were susceptible of the construction for which defendants contend, since they are not able to show due performance of the terms of the contract on their part. Furthermore, a reading of the whole contract shows an intent that the provisions of the covenants therein should be performed, and not that the defendants might, by forfeiting a security given for the performance of the contract, be relieved of their obligation to perform. (*Diamond Match Co.* v. *Roeber,* 106 N. Y. 473, 486.)

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion for an injunction *pendente lite* granted.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.